Melanie J. STONER, Plaintiff—
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant—
Appellee.

No. 05–36038.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2007.*

Filed Aug. 23, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosemary B. Schurman, Esq., Law Office of Rosemary B. Schurman, Kirkland, WA, H. Peter Evans, Esq., Law Offices, Portland, OR, for Plaintiff–Appellant.

Johanna Vanderlee, Esq., Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: ALARCÓN, HAWKINS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Melanie Stoner appeals from the district court's order affirming the denial of her application for Supplemental Security Income under Title XVI of the Social Security Act. We review de novo a district court's decision and must uphold the denial of benefits if the Commissioner's denial is supported by substantial evidence and free of legal error. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## I

Ms. Stoner correctly asserts that the ALJ failed to address the opinions of the nonexamining state agency physicians and failed to explain the weight he gave to their opinions. *SSR 96–6p*, 1996 WL 374180 at *1–2 (July 2, 1996). This error was harmless, however, because the ALJ found that Ms. Stoner had a more restrictive residual functional capacity ("RFC") than did the state physicians.

## II

■ Ms. Stoner contends that the ALJ erred by finding that her depression, affliction with Meniere's Disease, as well as cervical disc disease, are not "severe" impairments. Although the ALJ did not expressly list all of the evidence that supported his findings in the same paragraph as that in which he stated his findings

ed by 9th Cir. R. 36–3.

regarding the non-severity of Ms. Stoner's depression and cervical disc disease, that was cited elsewhere in the ALJ's disposition, these findings are supported by other evidence in the record. The ALJ did not cite evidence in the record, however, that supports his conclusion that Ms. Stoner's Meniere's Disease is "controlled with medication." Therefore, we conclude that the ALJ's finding that Ms. Stoner's affliction with Meniere's Disease is not severe is not supported by substantial evidence.

### III

Ms. Stoner also maintains that the ALJ erred in determining her RFC. She asserts that the ALJ failed to assess whether considering all of her impairments she is capable of working on a regular and continuing basis, and failed to conduct a function-by-function analysis of her ability to engage in sedentary work.

■ The ALJ adequately explained the minimal weight he gave Dr. Bruce Bell's opinion by noting that Dr. Bell "ignore[d] his own objective diagnostic findings, his previous opinions of the claimant's ability to engage in sedentary work, and his own treatment records...." In addition, the ALJ's conclusion that Ms. Stoner could work in other than low-stress environments was permissible because, contrary to Ms. Stoner's assertion, Dr. Lisa Sjodin's report *does not* conclude that Ms. Stoner is limited to work in low stress environments. The ALJ failed to consider, however, whether Ms. Stoner is capable of working on a regular and continuing basis. The forms relied upon by the ALJ in making this determination asked the reviewing physicians to opine regarding whether Ms. Stoner was capable of performing sedentary work "*at least half time* in a normal day to day work setting." (Emphasis added). The doctors did not indicate that Ms. Stoner could perform "full-time" sedentary work. Therefore, we conclude that the ALJ's RFC determination is unsupported by substantial evidence.

### IV

■ Ms. Stoner also contends that the ALJ failed to give specific and legitimate reasons for discounting the lay witness testimony of Ms. Nancy Carvalho. "Lay testimony ... is competent evidence ..., unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001).

The ALJ discredited Ms. Carvalho's statements on the basis that she "is not knowledgeable in the medical and/or vocational fields and thus is unable to rendered [sic] opinions on how the claimant's mental and physical impairments impact her overall abilities to perform basic work activities at various exertional levels." However, it is not clear which of Ms. Carvalho's statements, if any, fall into this category. Therefore, we conclude that the ALJ improperly discredited Ms. Carvalho's statements.

### V

■ Ms. Stoner argues that the ALJ failed to give clear and convincing reasons for discounting her own testimony. "[T]he ALJ must provide clear and convincing reasons for rejecting the claimant's testimony regarding the severity of symptoms." *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001). The ALJ specifically identified the testimony he found not credible and noted findings and opinions expressed by treating and examining physicians sufficient to undermine Ms. Stoner's complaints. Thus, the ALJ's partially-adverse credibility finding is supported by substantial evidence.

**362**

## VI

Ms. Stoner argues that the ALJ erred in relying upon the vocational expert's ("VE") testimony to find her not disabled because the hypothetical presented to the VE did not contain all of her limitations. In light of the deficiencies in the ALJ's analysis regarding Ms. Stoner's claims of Meniere's Disease, her ability to perform full-time work, and the substance of the lay witness's testimony, we need not reach the question as to whether the hypothetical the ALJ posed to the VE was appropriate.

**VACATED** and **REMANDED** to the district court with directions to remand this matter to the Commissioner. On remand, the ALJ is instructed to conduct a new evidentiary hearing and make findings regarding whether Ms. Stoner is capable of performing full-time work and whether she is disabled because she suffers from Meniere's Disease. In addition, the ALJ is instructed to make findings regarding the credibility of Ms. Carvalho's lay testimony concerning her observations of Ms. Stoner's physical symptoms and, if her testimony is found credible, to give the testimony its proper weight. The ALJ shall also conduct a new step four analysis, and, if necessary, a proper step five analysis.

Each party shall bear its owns costs on appeal.

**VACATED AND REMANDED.**